The People v. Harmon.

## THE PEOPLE, ETC.,

v.

## A. E. HARMON ET AL.

1. ACTION ON PENAL BOND—ASSIGNMENT OF BREACHES.—Under our statute a plaintiff in an action on a penal bond is at liberty to assign in h s declaration in the original suit as many breaches as he may think fit, and he may also assign from time to time such further breaches as occasion may require; and when assigned subsequently to the rendition of the original judgment the proceeding does not become a distinct action, but is regarded as a part of the original suit. The assessment of damages, however, must not exceed in the aggregate the amount of the judgment for the penalty of the bond.

2. DEMURRER.—Where, in the trial of the original cause under the stipulation of the parties, the plaintiff was entitled to recover damages for so many breaches of the conditions of the bond as he should prove, and breaches not litigated on that trial could be subsequently assigned and recovered for, and he afterward assigned an additional breach of the condition of the bond and to the defense of the previous judgment as a bar filed a replication that the damages demanded were not the same, etc. *Held*, that it was error for the court to sustain a demurrer to such replication.

ERROR to the County Court of Champaign county. Opinion filed July 3, 1884.

Mr. J. L. RAY, for plaintiff in error.

Mr. J. S. WOLFE, for defendants in error.

HIGBEE, P. J.   The defendant, A. E. Harmon, was appointed guardian of William F. Goltra, by the County Court of Champaign county, in 1866, and the other defendants in error were the sureties on his bond.   Harmon was subsequently removed, and one A. G. Pare appointed his successor, who brought suit in said court in the name of " The People of the State of Illinois," for his use as guardian against defendants in error, in an action of debt upon the bond, and at the May term, 1879, of said court, recovered a judgment for $3,600 debt, the penalty of the bond, and $427.24 damages.

A number of breaches of the condition of the bond were assigned in the declaration, and several pleas filed by defendants, but the case was finally tried upon an agreement of the parties that all pleas should be withdrawn, that plaintiff might give in evidence under the declaration any matter that could properly be given under any breach well assigned, and that the defendants might give in evidence any matter that could be given if well pleaded.

At the May term, 1883, of said court, the said William F. Goltra, having attained his majority, assigned in said cause as an additional breach of the condition of said bond, that Harmon received, while acting as such guardian, the sum of one thousand dollars belonging to his ward, which he failed to account for and pay over.

To this breach the defendants, by their second amended plea, set up and relied upon the judgment of the May term, 1879, as a bar to the damages claimed.

To this plea the plaintiff, by leave of the court, filed several replications.   The first, second, third and fourth were, that the damages demanded in the present breach are not the same for which plaintiff recovered judgment on the former trial.

The court sustained a demurrer to each of these replications, and its action in so doing presents the principal question we are to consider.

Section 20 of chapter 110 of the Revised Statutes, pro-

vides: " In all actions brought on penal bonds, conditioned for the performance of covenants, the plaintiff shall set out the conditions thereof, and may assign in his declaration as many breaches as he may think fit; and the jury, whether on trial of the issue or of inquiry, shall assess damages for as many breaches as the plaintiff shall prove, and the judgment for the penalty shall stand as security for such other breaches as may afterward happen, and the plaintiff may, at any time afterward, sue out a writ of inquiry, to assess damages for the breach of any covenant or covenants contained in such bond subsequent to the former trial of inquiry."

The judgment in this class of cases is for the entire penalty of the bond, and stands as a security for such damages as may be assessed from time to time. The obligation is merged in the judgment, and no further proceedings can be had on it except in the manner indicated by the statute. Originally, at common law, but one breach of the obligation could be assigned, but this was long since changed by a British statute. Under our statute a plaintiff is at liberty to assign in his declaration, in the original suit, as many breaches as he may think fit, and he may also assign, from time to time, such further breaches as occasion may require; and when assigned subsequently to the rendition of the original judgment, the proceeding does not become a distinct action, but is regarded as a part of the original suit. The assessment of damages, however, must not exceed in the aggregate the amount of the judgment for the penalty of the bond.

In the trial of the original cause, under the stipulation of the parties, the plaintiff was entitled to recover damages for so many breaches of the conditions of the bond as he should prove, and breaches not litigated on that trial could be subsequently assigned and recovered for. In The People v. Compher, 14 Ill. 455, it was expressly held that " in order to authorize a further assignment of breaches, it is not necessary that the default should arise subsequent to the former assessment. It is sufficient that it is for another and different breach." It follows from this view of the law that the matter set up in defendant's first, second, third and fourth repli-

cations was a good answer to defendant's second amended plea, and that the court erred in sustaining the demurrer to said replications.

After the demurrer was sustained the court proceeded to the trial of the cause on another replication to said plea, which we regard as presenting an immaterial issue, and finally dismissed the suit and rendered judgment against plaintiff for costs.

For the error above indicated the judgment is reversed and the cause remanded.

Reversed and remanded.